UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN ROCKE and JEFFREY ROCKE,<br><br>          Plaintiffs,<br><br>   v.<br><br>PEBBLE BEACH COMPANY,<br><br>          Defendant.<br>_____<br>PEBBLE BEACH COMPANY,<br><br>          Third Party Plaintiff,<br><br>   v.<br><br>WILLIAM C. MEFFORD, ET AL.,<br><br>          Third Party Defendants. | Case No. 5:13-cv-02951-PSG<br><br>**ORDER GRANTING LEAVE TO AMEND**<br><br>**(Re: Docket No. 88)** |

Third Party Defendant Groza Construction, Inc. moves for leave to file a first amended third party complaint to add current Defendant and Third Party Plaintiff Pebble Beach Co. as a

1

Case No. 5:13-cv-02951-PSG
ORDER GRANTING LEAVE TO AMEND

1   Third Party Defendant and add causes of action for reformation and declaratory relief.[1]  Because

2   Groza Construction has shown good cause, its motion is GRANTED.

3          The court's case scheduling order set Aug. 18, 2014 as the deadline for joining additional parties and amending the pleadings.[2]  Groza Construction's motion comes well outside that deadline, and so under Rule 16(b)(4), Groza Construction must show "good cause" to modify the scheduling order.  The "'good cause' standard primarily considers the diligence of the party seeking the amendment."[3]

       Here, Groza Construction acted diligently in seeking the amendment and so good cause plainly exists.  Groza Construction deposed Steven Aitchison, Senior Vice President of Capital Improvements at PBC, on August 27, 2015, and learned that when he signed the contract between Groza Construction and PBC, he believed the contract required Groza to indemnify PBC only for Groza Construction's negligence, not PBC's negligence or anyone else's.[4]  Groza Construction already knew that Brian Groza, Groza Construction's 30(b)(6) witness on the contract, also believed that this was the meaning of the indemnity clause.[5]  When Groza Construction learned that its mistaken belief as to the meaning of the contract was mutual, it promptly moved for leave to add PBC as a third party defendant and add claims against PBC for reformation of the contract based on mutual mistake and declaratory relief that the indemnity provision as written is void and severable.[6]  Put differently, the facts underlying Groza Construction's new claims were presented for the first time at Aitchison's Aug. 27, 2015 deposition, Groza Construction received the deposition transcript on Sept. 10, 2015, and Groza Construction filed its motion on Sept. 11, 2015.[7]

---

[1] *See* Docket No. 88.

[2] *See* Docket No. 39 at 1.

[3] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

[4] *See* Docket No. 88 at 4.

[5] *See id.*

[6] *See* Docket No. 97 at 7.

[7] *See id.*

1   Given this speedy pace, Groza Construction acted diligently in moving for leave and thus satisfied
2   Rule 16(b)(4)'s good cause requirement for modifying the scheduling order.
3         PBC argues that there is a presumption that it will be prejudiced by the amendments,
4   because Groza Construction did not seek leave to amend until late in the case.[8]  PBC also argues
5   that the amended claims will require significant discovery.[9]  However, as discussed above, the
6   court finds that Groza Construction acted diligently in seeking amendment.  As for discovery, fact
7   discovery remains open for more than two months, which should provide the parties with sufficient
8   time for conducting discovery on the amended claims.
9         Groza Construction's request for leave to amend is GRANTED.
10  **SO ORDERED.**
11  Dated: October 27, 2015

                       _____
                       PAUL S. GREWAL
                       United States Magistrate Judge

---

[8] *See* Docket No. 93 at 15.

[9] *See id.*

3
Case No. 5:13-cv-02951-PSG
ORDER GRANTING LEAVE TO AMEND